**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Chavonne Printup, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:15-CV-103 |
| | ) |
| vs. | ) |
| | ) |
| Cynthia C. Dungey, | ) |
| Director, Ohio Department of Jobs | ) |
| and Family Services, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on the motion to dismiss and/or for judgment on the pleadings filed by Defendant Butler County, Ohio.  Doc. No. 24.  For the reasons that follow, Defendant's motion to dismiss is well-taken and is **GRANTED.**

I. Background

Plaintiff Chavonne Printup brings claims against Defendant Butler County, Ohio pursuant to 42 U.S.C. § 1983 alleging that it wrongfully designated her as a child abuser and, consequently, violated her right to substantive and procedural due process. The Court concludes, however, that Butler County is entitled to dismissal of the complaint.

According to the complaint, in 2012, Plaintiff was a teacher at St. Aloysius school, an alternative school for children with substantial behavioral problems.  In December 2012, one of Plaintiff's pupils, C.M., violated school rules and Plaintiff sought to impose punishment by an after-school detention or in-school lunch restriction.  C.M. objected to either form of discipline and became extremely agitated and unruly.  C.M. fled the school and into the street where he was almost struck by a car.  When Plaintiff and other staffers

got C.M. back into the building he flung chairs and knocked over desks, attempted to punch Plaintiff, swore, and used racial epithets against Plaintiff.

Due to his wild behavior, Plaintiff and another staff member decided to restrain C.M. in a "small child restraint." This proved to be unsuccessful in controlling C.M. A third staff member was called in to help put C.M. in a "supine restraint." In order to put C.M. in a supine restraint, one person each held down an arm and the third person held down C.M.'s legs. C.M. continued to thrash about but ultimately calmed down. C.M. initially complained of some pain but after a staff member adjusted her hold on him, he appeared to be alright.

C.M. was eventually released from the supine restraint and declined to be seen by the school nurse. Plaintiff arranged for the nurse to examine C.M. anyway. The nurse did not observe physical injuries to C.M. The nurse's report, however, did note a bite wound that C.M. had given Plaintiff.

C.M. later developed some bruises and scratches that could have resulted from the restraint. C.M.'s grandmother contacted the Hamilton Police Department, who in turn contacted the Butler County Children Services Board ("the BCCSB"). As a result, Plaintiff became the target of a child abuse investigation. The Hamilton Police Department declined to file any criminal charges against Plaintiff but the BCCSB investigators concluded that Plaintiff had abused C.M. Therefore, Plaintiff was entered on a state-run database designating her as a perpetrator of child abuse. The other two staff members involved in restraining C.M. were not investigated or charged with child abuse.

St. Aloysius fired Plaintiff from her teaching job after she was charged with child abuse. Complaint ¶ 21. Plaintiff filed an administrative appeal to the BCCSB ombudsman.

On February 11, 2013, the ombudsman issued a decision sustaining the charge of child abuse. Plaintiff complains that the ombudsman's decision:

> failed to cite to a specific legal standard that applied to Printup's alleged misconduct; failed to explain why only Printup was targeted and not the other staffers; failed to consider if Printup's actions were justified due to C.M.'s out-of-control and assaultive behaviors; and reasoned that restraints were generally dangerous and that St. Aloysius used them too often.

Complaint ¶ 23.

Because the ombudsman upheld the initial determination of child abuse, St. Aloysius could not reinstate Plaintiff to her position. Plaintiff then filed an appeal of the ombudsman's decision with the Butler County Court of Common Pleas. In January 2014, the state court judge issued an order and opinion finding that the ombudsman's decision was arbitrary, that Ohio law authorized the use of child restraints, that there was insufficient evidence that Plaintiff caused C.M. harm, and that she was justified in using restraints to control C.M.'s behavior. The BCCSB did not appeal that decision. Although the judge's decision cleared Plaintiff of any wrongdoing with respect to restraining C.M., by that time she could not be reinstated because St. Aloysius had filled her position. Complaint ¶¶ 26-28.

On February 10, 2015, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Butler County, Ohio alleging violations of her right to procedural and substantive due process.[1] Specifically, the complaint alleges that Butler Count failed to train its hearing

---

[1] Plaintiff also filed a claim for injunctive relief against Cynthia Dungey, Director of the Ohio Department of Jobs and Family Services, to have her name expunged from the child abuser database. The department, however, had removed Plaintiff from the database even before she filed the lawsuit. In response to a motion to dismiss filed by Defendant Dungey, Plaintiff conceded that her claims for declaratory and injunctive relief against Dungey were moot. The Court dismissed the claims

3

officers on "the standard for child abuse, the standard for the use of physical restraints, on causation, the requirement for applying law to fact, and the prohibition against making public policy in the context of child-abuse hearings." Complaint ¶ 31. The complaint also alleges that Butler County failed to train and supervise its social workers regarding the standard for child abuse and the standard for using physical restraints. Complaint ¶ 32. The complaint alleges that Butler County's failure to train "deprived Printup of constitutional rights and proximately damaged her." Id. ¶¶ 31-32. The complaint goes on to allege that because of Butler County's alleged failure to train its hearing officers and social workers, Plaintiff was designated as a child abuser without any rational basis. As a result of the alleged failure to train, Plaintiff was terminated from her job. Id. ¶¶ 34-35.

Butler County filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and/or for judgment on the pleadings, which raises three grounds for dismissal of the complaint. First, Butler County argues that it is not sui juris, i.e., an entity capable of being sued, and that the real party-in-interest is the Butler County Board of County Commissioners. Second, Butler County argues that Plaintiff's § 1983 claims are barred by the two-year statute of limitations in Ohio. Butler County contends that the statute of limitations commenced on the date the BCCSB designated Plaintiff as a child abuser, which was more than two years before she filed the complaint. Third, and finally, Butler County argues that the complaint fails to plead Plaintiff's § 1983 claims with the requisite specificity.

---

against Dungey in May 2015. Doc. No. 23.

In response, Plaintiff argues that Butler County may be sued and is the proper defendant for her claims. Plaintiff argues further that the complaint does state sufficient claims for relief. She states that her due process cause of action is a "stigma-plus" claim under Paul v. Davis, 424 U.S. 693 (1976). Plaintiff states further that she asserts a substantive due process claim based on Butler County's alleged failure to train its agents on the use of child restraints to control disruptive students and that such failure to train led to her arbitrary designation as a child abuser. Finally, Plaintiff argues that her § 1983 claims are timely. Plaintiff contends that the alleged constitutional violation did not become final until the ombudsman confirmed her designation as a child abuser. Since the ombudsman issued his decision on February 11, 2013, and Plaintiff filed her complaint on February 10, 2015, she argues that the complaint was filed within the two year statute of limitations.

The Court addresses these arguments further below.

## II. Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The

factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 678-89. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

Finally, a motion for judgment on the pleadings is assessed under the standards for Rule 12(b)(6) motion to dismiss. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987).

### III. Analysis

#### A. The Proper Defendant

First, Butler County argues that it is not sui juris and contends that the real party-in-interest is the Butler County Board of County Commissioners. Butler County, therefore, seeks dismissal of the complaint on the grounds that Plaintiff sued the wrong party. Plaintiff contends that Butler County is a proper defendant for her claims. Both parties cite

various district court cases in support of their respective positions. The Court does not need to resolve this argument, however. Assuming for the moment that Butler County is not a proper party in the case, it is a defect in the pleadings that ordinarily can be cured by allowing the plaintiff to amend the complaint to name the county commissioners as the defendant. E.g., Lowe v. Hamilton County Dept. of Job & Family Serv., No. 1:05-CV-117, 2008 WL 816669, at *2-*3 (S.D. Ohio Mar. 26, 2008). Additionally, as explained further below, the complaint is subject to dismissal on the other grounds. The Court, therefore, need not linger over the question of Butler County's capacity to be sued.

B. Statute of Limitations

In Ohio, the statute of limitations for filing claims under 42 U.S.C. § 1983 is two years. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989). The statute of limitations commences on the date the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis for her action. Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir. 2003). Additionally, the statute of limitations does not start until the plaintiff's cause of action is "complete" - that is, when the plaintiff can file suit and obtain relief. Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc., 522 U.S. 192, 201 (1997). A court may grant a Rule 12(b)(6) motion if the allegations in the complaint affirmatively show that the claim is barred by the statute of limitations. Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012).

In this case, although Plaintiff technically asserts two causes of action, they essentially constitute the same claim. Plaintiff alleges that agents of Butler County erroneously and arbitrarily designated her as a child abuser and that as a result of this arbitrary designation she lost her employment as a teacher at St. Aloysius. Plaintiff

7

contends, therefore, that Butler County violated her right to due process. Plaintiff's claims arise under Paul v. Davis, 424 U.S. 603 (1976). In Paul, the Supreme Court held that although a person does not have any due process or property interest in his or her good name or reputation, an individual can nevertheless sue a state actor for a due process violation where a defamatory statement is coupled with the loss of a protected property interest, such as employment. 424 U.S. at 711-12; Quinn v. Shirey, 293 F.3d 315, 319 (6th Cir. 2002). A claim arising under Paul is referred to as a "stigma-plus" claim. Doe v. Michigan Dept. of State Police, 490 F.3d 491, 501 (6th Cir. 2007).

The issue here is the date on which the statute of limitations on Plaintiff's stigma-plus-based claims commenced. Butler County argues that the statute of limitations started at some point before the ombudsman issued his decision because by that time the BCCSB had already designated Plaintiff a child abuser and she had already been fired from her job at St. Aloysius. Since the ombudsman issued his decision on February 11, 2013 and Plaintiff filed her complaint almost exactly two years after that date, Butler County argues that her claims are time-barred. In opposition, Plaintiff contends that her cause of action was not "complete" until the ombudsman confirmed her initial designation as a child abuser. Butler County replies, however, that the statute of limitations commenced without regard to whether Plaintiff still had administrative remedies to exhaust. The Court agrees with Butler County.

It is well-settled that in non-prisoner cases, a plaintiff is not required to exhaust administrative remedies before filing her § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496, 516 (1982). Therefore, for purposes of determining when the statute of limitations on Plaintiff's § 1983 claims began, it is irrelevant that she could and did

8

administratively appeal the BCCSB's initial determination that she was a child abuser.[2] Bishop v. Children's Center for Dev. Enrichment, 618 F.3d 533, 537 (6th Cir. 2010). Pursuant to Paul and its progeny, Plaintiff's injury, and therefore her cause of action, was complete when Butler County uttered the defamatory statement, i.e., deemed Plaintiff a child abuser, and she lost her employment. According to Patsy, she could have brought her claims against Butler County at that point. Since the allegations in the complaint affirmatively show that that point was more than two years before Plaintiff filed her complaint, her claims are barred by the statute of limitations.

Plaintiff also suggests that she could not have been aware that the ombudsman was not properly trained on the state requirements for determining child abuse until he issued his erroneous decision. Since the ombudsman issued his decision within two years before the complaint was filed, Plaintiff argues that she complied with the statute of limitations. Assuming without deciding that Plaintiff's failure to train claim was not final until the ombudsman issued his decision, she nevertheless has not alleged facts demonstrating the alleged failure to train amounts to a *policy* of Butler County. At most, she has alleged that the ombudsman issued an erroneous decision that could have been avoided with better training on the state requirements for child abuse. This contention, however, is insufficient to state a failure to train claim. Miller v. Calhoun County, 408 F.3d 803, 816 (6th Cir. 2005)

---

[2] It should be noted that Plaintiff does not contend that the statute of limitations was tolled while she pursued her state administrative remedies. Unless a state statute provides otherwise, the statute of limitations for § 1983 claims will not be tolled while the plaintiff exhausts her state administrative remedies. Board of Regents v. Tomanio, 446 U.S. 478, 490-91 (1980). Plaintiff has not cited any state statute that would have tolled the statute of limitations during the pendency of her administrative appeal.

("Mere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to prove liability."); see also Heyerman v. County of Calhoun, 680 F.3d 642, 648 (6th Cir. 2012) ("The occasional negligent administration of an otherwise sound policy is not sufficient to impose municipal liability.").

Accordingly, Butler County is entitled to dismissal of the complaint and/or judgment on the pleadings.

## Conclusion

For the reasons stated above, Defendant Butler County's motion to dismiss and/or for judgment on the pleadings is well-taken and is **GRANTED.** The complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**

Date August 10, 2015                              s/Sandra S. Beckwith
                                                   Sandra S. Beckwith
                                                   Senior United States District Judge